# IN THE COURT OF APPEALS OF IOWA

No. 24-0392
Filed August 6, 2025

**RHONDA JEAN LEMIEUX, Individually and as Administrator of the ESTATE OF JOHN D. LEFLER,**
        Plaintiff-Appellant,

**vs.**

**NEXT STEP COUNSELING SERVICES, INC., and BRYON LITTLE,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.


        A plaintiff appeals the district court's order granting summary judgment to the defendants.  **AFFIRMED.**


        Roxanne Conlin and Devin Kelly of Roxanne Conlin & Associates, P.C., Des Moines, for appellant.

        Alexander E. Wonio of Hansen, McClintock & Riley, Des Moines, for appellees.


        Considered without oral argument by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

This case stems from the suicide of John Lefler. At the time of his death, Lefler was a patient at Next Step Counseling Services, Inc. (Next Step). Rhonda Lemieux—Lefler's mother and the administrator of his estate—filed this action against Next Step and one of its therapists, Bryon Little.[1] Based on Lefler's suicide, Lemieux sought damages from Next Step under theories of negligence, breach of fiduciary duty, tortious infliction of severe emotional distress, and loss of consortium.

Next Step moved for summary judgment, arguing alternatively that (1) Next Step owed no duty to Lefler to prevent his suicide and (2) Lemieux failed to present sufficient evidence to establish that any breach of duty Next Step may have owed to Lefler caused his suicide. The district court granted the motion on both bases and dismissed the case. Lemieux appeals.

## I.     Standard of Review

We review the district court's grant of summary judgment for correction of errors at law. *Villarini v. Iowa City Cmty. Sch. Dist.*, 21 N.W.3d 129, 133 (Iowa 2025). Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* In considering a motion for summary judgment, we view the facts in the light most favorable to the nonmoving party, including giving the nonmoving party every legitimate inference that can be drawn from the record. *Id.*

---

[1] As Lemieux's individual claims and the claims she brings in her capacity as the representative of Lefler's estate align, for the sake of economy, we refer to both categories of claims as being Lemieux's claims. For the same reason, we refer to Next Step and Little collectively as Next Step.

## II. Discussion

To establish a claim of negligence under Iowa law, the alleging party must demonstrate the party was owed a duty of care, the duty was breached, and the breach caused the party's injuries. *Singh v. McDermott*, 2 N.W.3d 422, 425 (Iowa 2024). The district court found Lemieux failed to establish that Next Step owed Lefler a duty or that any breach caused his suicide and the resulting damages. Although Lemieux challenges both findings on appeal, we find it unnecessary to address the duty question, as we find the causation issue dispositive. So we assume without deciding that Next Step owed Lefler a duty and that Next Step breached it, and we proceed to the causation question.

Viewing the facts in the light most favorable to Lemieux, the record shows these facts. Lefler began therapy services with Next Step in February of 2018. He was still dealing with the traumatic loss of his girlfriend to suicide. Initially, Lefler was assigned to a therapist who was an intern at the practice. When that therapist left, Lefler was reassigned to a therapist named Janet.

At the time, Janet was practicing under a temporary social work license while supervised by the owner of Next Step. She had recently experienced personal hardships following the suicide of her husband and had ongoing family-related challenges. Janet disclosed her circumstances to Next Step, which responded by offering her assistance with paperwork and the option to take time off if needed. Despite Janet's testimony that she was struggling with mental illness and excessive alcohol consumption at this time, she had maintained a clean record over her four years of employment at Next Step with no disciplinary actions or patient complaints. Given her background working with patients who experience

trauma and her personal experience with suicide, Next Step believed Janet would be well suited to support Lefler.

While under Janet's care, Lefler showed signs of improvement in his mental health. However, at some point, Lefler and Janet's relationship became more akin to a friendship and crossed ethical boundaries. In January 2019, Lefler and Janet mutually agreed that his care should be transferred to another therapist, Bryon Little. They did not inform Next Step that this decision was motivated by a developing personal relationship—instead, Janet briefly explained that their shared experiences were becoming a barrier to effective therapy and Lefler might benefit more from Little's specialized area of therapy.

Months later, in the summer of 2019, Janet voluntarily ended her employment at Next Step, citing family issues as the reason for her departure. It was not until late July or early August that Lemieux informed Little about an ongoing personal relationship between Lefler and Janet. When Little raised the issue with Lefler at a subsequent session, Lefler denied the relationship and suggested that it had been a misunderstanding. At the time, Lefler was experiencing symptoms of serious mental illness, including delusions and hallucinations, which complicated Little's assessment of the reliability of his statements. Little's notes of these sessions are sporadic; often lacked detail; and, in some instances, were not completed until after Lefler's death.

In late August, Lefler was involuntarily committed to a mental-health facility but consistently denied any suicidal ideation. Following his discharge, his treatment plan was modified, including the removal of certain medications. Lefler expressed frustration and distress related to these changes.

After Lefler's committal, Little called Lemieux to check on Lefler's well-being. During that call, Lemieux shared information about a text-message exchange between Lefler and Janet. This greatly concerned Little. He consulted with the National Association of Social Workers regarding the implications of reporting the alleged relationship, and, after the weekend, he submitted a formal complaint expressing concerns about Janet's conduct. Less than a month later, Lefler committed suicide.

Based on these facts viewed in the light most favorable to Lemieux, Lemieux challenges the district court's finding that she failed to produce sufficient evidence that Next Step's actions caused Lefler's suicide. In support, she relies on a text exchange between Janet and Lefler, which she interprets as Janet encouraging Lefler to take his own life. She also cites her expert's testimony that criticizes Janet's ethical violations and characterizes her relationship with Lefler as unstable and harmful. Ultimately, the expert opined that Janet's conduct caused Lefler's suicide.

The problem with Lemieux's argument is that it relates to conduct that occurred when Janet was no longer acting as Lefler's therapist and at or after the time Janet no longer worked at Next Step. And Lemieux makes no claim directly against Janet and no claims against Next Step based on vicarious liability for Janet's conduct. Therefore, Lemieux must prove that Next Step's own conduct—not Janet's independent actions—was the cause of Lefler's death. She has not met that burden.

The record shows the intimate personal relationship between Lefler and Janet developed after Lefler was transferred from Janet's care, and that improper

relationship was not known to Next Step until many months later, at or after the time Janet ended her employment at Next Step. The only causation evidence in the record is Lemieux's expert's opinion that Janet was responsible for Lefler's death. However, Lemieux has conceded that Next Step is not vicariously liable for Janet's actions. And Lemieux's expert's opinion that Next Step's conduct caused Lefler's death is based on Janet's inappropriate therapist-to-client relationship that had developed. Such development, in part, occurred while Janet was working with Lefler at the direction of Next Step. Lemieux reasons that, but for Next Step's assignment to have Janet work with Lefler, Lefler would not have committed suicide. But we hold that such causal connection is too attenuated and not supported by the record. As such, Lemieux has not raised a genuine issue of material fact as to causation.

**III.     Conclusion**

Even assuming Next Step owed Lefler a duty and that Next Step breached it, the district court correctly found that Lemieux failed to provide sufficient evidence to generate a genuine issue of material fact that Next Step caused Lefler's suicide. Accordingly, we affirm the district court's grant of summary judgment in favor of Next Step.

**AFFIRMED.**